PER CURIAM.
This appeal is from a judgment entered by the trial court denying appellant’s petition for relief from a judgment of conviction and sentence for second degree murder filed by him pursuant to Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix.
By his petition to vacate and set aside the judgment of conviction pursuant to which he is now incarcerated in the state prison, appellant alleged that on October 27, 1948, he was indicted for murder in the first degree. He further alleges that at that time he was indigent and unable to employ counsel, but that nevertheless he was brought before the court and required to enter a plea to the indictment brought against him; that he had no attorney to represent him nor did the court offer to appoint one for that purpose; that as a result of his inability to properly represent himself appellant plead guilty to murder in the second degree whereupon he was adjudged guilty and sentenced to imprisonment in the state prison. Appellant contends that he was entitled to counsel to represent him both at the time of his arraignment and at his trial, and that the court’s failure to furnish him counsel violated his constitutional rights which now requires the setting aside of the judgment of conviction rendered against him.
Upon consideration of the motion for relief the trial court entered an order reciting that from an examination of the records and files of the court in this cause, it has been made to appear that the defendant was arraigned and in response to questions by the court stated that he desired counsel, whereupon counsel was appointed to represent him; that the files and records of the cause conclusively show that the defendant is entitled to no relief under the motion filed by him. It was therefore ordered and adjudged that appellant’s motion for relief be denied.
The record before us contains a copy of the court minutes entered on October 27, 1948, which recite that the defendant was present before the court represented by his counsel whereupon he was duly arraigned and pleaded not guilty to the indictment charging him with murder in the first de *643 gree. The minutes recite that the case was thereupon set for trial on Tuesday, November 2, 1948. We pause to note that the trial date followed the date of arraignment by some six days.
The record also contains a copy of the court minutes of November 2, 1948, which recite that defendant, accompanied by his counsel, appeared before the court and announced ready for trial whereupon a jury was selected, impaneled and sworn to try the issue, and after evidence was introduced defendant made a motion to the court for .acceptance of a plea of guilty to second degree murder. Upon consideration of this motion by the court it was granted and the jury discharged. The defendant was immediately rearraigned and entered a plea of guilty to second degree murder whereupon he was adjudged guilty and sentenced to imprisonment in the state prison at hard labor for the period of his natural life.
Although appellant’s motion for relief •alleges that he was indigent and was deprived of the right to counsel at the time of his arraignment and trial, such allegations are clearly refuted by the official records of the court which show exactly the contrary. Appellant was represented not only at the time of his arraignment but also at the time •of his trial, rearraignment, plea of guilty, •and rendition of judgment and sentence.
In his brief filed before this court appellant admits for the first time that he was represented by counsel at the trial, but argues that his attorney was appointed just before the trial commenced and was allowed •only fifteen minutes to prepare his defense. Appellant now contends that it was because of the trial court’s arbitrary action in refusing his counsel adequate time to prepare a proper defense that he elected to plead guilty to the lesser offense of murder in the second degree, which arbitrary action was tantamount to depriving him of the right to counsel.
Again, appellant’s argument is completely refuted by the official records of the court. The court minutes of October 27, 1948, reveal that on that date appellant, accompanied by counsel, appeared before the court, was arraigned, and pleaded not guilty to the indictment. These minutes recite that the trial was set for Tuesday, November 2, 1948, six days later. The court minutes of November 2, 1948, recite that on that date appellant appeared before the court represented by his counsel and announced ready for trial. It thus appears that appellant’s counsel had six days or more to prepare his defense, not just fifteen minutes as now asserted in his brief. The record is silent with respect to any motion filed by appellant’s counsel asking for a continuance or further time within which to make additional preparation for trial. Both the allegations contained in appellant’s motion for relief as well as the arguments set forth in his brief filed in this court are at such complete variance with the official record of his trial in the Circuit Court of Washington County that the trial judge was justified in denying the motion. The order appealed is accordingly affirmed on the authority of William Carlton King, Jr. v. State of Florida, (Fla.App. 1963) 157 So.2d 440.
Affirmed.
CARROLL, DONALD K., Acting Chief Judge, and WIGGINTON and RAWLS, JJ., concur.